VANDALIA RAILROAD COMPANY, ET AL. *v.* LAROSA.

[No. 10,830.   Filed December 8, 1921.]

1. CARRIERS.—*Carriage of Freight.*—*Negligence.*—*Evidence.*— *Sufficiency.*—In an action by consignee against connecting carrier for damage to a shipment of bananas which were frozen when delivered, evidence *held* sufficient to sustain a finding that the bananas were frozen while in defendant's possession by reason of its negligent failure to regulate the temperature of the car in which the bananas were being transported.   p. 59.

2. APPEAL.—*Questions Reviewable.*—*Admission of Evidence.*— *Failure to Object Below.*—No question is presented for review on appeal as to alleged erroneous admission of evidence, where it does not appear that any objection was made to such evidence or that any exception was taken to its admission. p. 60.

3. ACTION.—*Transportation of Freight.*—*Negligence.*—*Remedies.* —*Action in Part.*—Though one have a contract with a common carrier for the transportation of goods, if there has been negligence in the performance of the contract, he may sue in tort and claim his damages by the proper proof.   p. 60.

From Marion Superior Court (A4,403) ; *Theophilus J. Moll,* Judge.

Action by Joseph M. LaRosa against the Vandalia Railroad Company and another.   From a judgment for plaintiff, the defendants appeal.   *Affirmed.*

*Samuel O. Pickens, Charles W. Moores, A. F. Davidson* and *Owen Pickens,* for appellants.

*William E. Reiley* and *Paul G. Davis,* for appellee.

McMAHAN, J.—This is a common-law action by appellee to recover damages to a carload of bananas because of the alleged negligence of appellants in failing to regulate the temperature of the car in which the bananas were shipped, as a result of which the bananas were frozen.

The car was transported over the Mobile and Ohio and the Illinois Central railroads from Mobile, Alabama, to Effingham, Illinois, and there delivered to the

Vandalia Railroad Company, predecessor of the Pittsburgh, Cincinnati, Chicago and St. Louis Railroad Company, and by the Vandalia transported from Effingham to Indianapolis.

From a judgment in favor of appellee, appellants appeal and have assigned as error the overruling of their motion for a new trial, their contention being that the decision of the court is not sustained by sufficient evidence and is contrary to law.

It appears from the evidence that the car containing the bananas was delivered to the Vandalia at Effingham at 8:15 a.m., February 20, 1914, and reached Indianapolis at 11:35 a.m., February 21. The car was enroute from Effingham to Indianapolis about twenty-seven hours, a distance of 140 miles, and the usual running time between said points being about eight or nine hours. The bananas were consigned to appellee and were delivered to him by appellants a short time after their arrival. At the time of their delivery steam was escaping from the car and the bananas were frozen. Appellee, who had been engaged in handling bananas twenty-nine years, testified that when he was notified of the arrival of the car he went down to the car and saw that the bananas were frozen, that from his experience in handling bananas they had begun to get cold five or six hours before he saw them and before they were delivered to him, that he called the attention of appellants' agent to their condition and to the fact that the steam was escaping from the roof of the car and that the bananas were frozen because of the condition of the car, which allowed the steam to escape through the cracks in the roof. This evidence is ample to sustain the court in finding that the damage to the bananas was caused while they were in the possession of appellant Vandalia company and by reason of its negligence.

Appellant also contends that the court erred in permitting appellee to testify as to the contents of the bill of lading issued by the initial carrier, but it is 2, 3. not shown that any objection was made to this evidence or that any exception was taken to the admission of the same. Appellant makes no claim that there was a special contract limiting its common-law liability. It is elementary that, though one have a contract with a common carrier for the transportation of goods, if there has been negligence in the performance of that contract, he may sue in tort and claim his damages by the proper proof. *Baltimore & Ohio R. Co.* v. *Armstrong, Lee & Co.* (1919), 99 Ohio St. 163, 124 N. E. 186.

Judgment affirmed.